**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000019
14-JUN-2012
08:56 AM**

NO. CAAP-12-0000019

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF RG AND SG

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 08-11707)

ORDER GRANTING DEPARTMENT OF HUMAN SERVICES' MOTION
TO DISMISS APPELLATE COURT CASE NUMBER CAAP-12-0000019
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Petitioner-Appellee Department of Human Services' (Appellee DHS) May 22, 2012 motion to dismiss Appeal No. CAAP-12-0000019, (2) the lack of any memorandum in opposition to Appellee DHS's May 22, 2012 motion to dismiss appellate court case number CAAP-12-0000019, and (3) the record, it appears that we lack appellate jurisdiction over Father-Appellant's appeal from the Honorable Bode A. Uale's November 28,

2011 "Order Denying Father's Motion to Waive filing Fees and Other Relief" (the November 28, 2011 interlocutory order) because the November 28, 2011 interlocutory order is not an appealable final order under Hawaii Revised Statutes (HRS) § 571-54 (2006).

HRS § 571-54 governs the intermediate court of appeals' jurisdiction over Father-Appellant's appeal. Under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, . . . or (2) a certified interlocutory order." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001) (citations omitted). "Final order means an order ending the proceedings, leaving nothing further to be accomplished." Familian Northwest v. Central Pacific Boiler, 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (citations and internal quotation marks omitted). "However, it is widely acknowledged that a final judgment or decree is not necessarily the last decision of a case. What determines the finality of an order or decree is the nature and effect of the order or decree." In re Jane Doe, 77 Hawai'i 109, 114, 883 P.2d 30, 35 (1994) (citation and internal quotation marks omitted). "The very nature of a family court chapter 587 proceeding entails an ongoing case which does not result in a final order, as that term is generally defined, . . . because, under chapter 587, the family court retains continuing jurisdiction over the case in order to prevent future harm or threatened harm to a child." In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001) (citations, internal quotation marks, and original brackets omitted).

"[P]arents have fundamental liberty interests in the care, custody, and management of the[ir] child[ren]." In re Jane Doe, 77 Hawai'i at 115, 883 P.2d at 36 (citations, internal quotation marks, and original brackets omitted). Thus, a family court order that "infringe[s] upon parental custody rights is an appealable decision even though the requisite finality normally required for appeals is lacking." Id. at 114, 883 P.2d at 35 (citations omitted).

No party asserted a timely appeal from the family court's September 29, 2010 order terminating Father-Appellant's parental rights over his two children and awarding custody of the two children to Appellee DHS. Thus, the family court went forward with the proceeding for finalizing a permanent plan for the two children that has a projected adoption date of September 1, 2012. The family court has not yet entered an appealable final order in the proceeding for finalizing the permanent plan for the two children. The November 28, 2011 interlocutory order is merely an interlocutory order within that unfinished proceeding, and the November 28, 2011 interlocutory order did not end that proceeding for finalizing a permanent plan for the two children, leaving nothing further to be accomplished. Therefore, the November 28, 2011 interlocutory order is not an appealable final order pursuant to HRS § 571-54. Absent a final order that is appealable pursuant to HRS § 571-54, this appeal is premature and we lack appellate jurisdiction.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848), the collateral

-3-

order doctrine, and certified interlocutory appeals under HRS § 641-1(b) (1993 & Supp. 2011), the November 28, 2011 interlocutory order does not satisfy all of the requirements for appealability under any of these exceptions. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under Forgay); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (certified interlocutory appeals).

Absent a timely appeal from an appealable final order, we lack appellate jurisdiction. Accordingly, IT IS HEREBY ORDERED that Appellee DHS's May 22, 2012 motion to dismiss is granted, and Appeal No. CAAP-12-0000019 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 14, 2012.

Presiding Judge

Associate Judge

Associate Judge

-4-